UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ROBIN BARNEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01947-JRS-DML |
| | ) | |
| ZIMMER BIOMET HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Motion to Transfer**

The claims in this case—breach of contract and wrongful constructive discharge—were previously dismissed from an action filed two years ago and still pending in the Northern District of Indiana. After the Northern District dismissed the claims (the parties dispute whether the dismissal constituted dismissal with or without prejudice), Plaintiff filed the same claims in Marion Superior Court. Defendant removed to this Court, contending that ERISA completely preempts Plaintiff's breach-of-contract claim and that this Court has supplemental jurisdiction over Plaintiff's state-law claim for wrongful constructive discharge. Plaintiff amended her complaint to drop the preempted, breach-of-contract claim and moved to remand.

Defendant now moves to transfer this action to the Northern District of Indiana. Plaintiff opposes transfer, contending that venue in this Court is improper—not falling within the parties' forum-selection clause vesting jurisdiction exclusively in "the courts of the State of Indiana" and "the court of the United States of America for the Northern District of Indiana"—such that 28 U.S.C. § 1404, which requires that venue

1

be proper in the transferor court, does not apply. Plaintiff further argues that 28 U.S.C. § 1406 does not apply to removed actions.

Plaintiff's premise—that the forum-selection clause renders venue in this Court improper—is mistaken. "If the federal venue statutes establish that suit may be brought in a particular district, a contractual bar cannot render venue in that district 'wrong.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 58 (2013). Plaintiff filed this action in Marion Superior Court, so venue is proper in this Court, as the Southern District geographically "embrac[es]" Marion Superior Court. *See* 28 U.S.C. § 1441(a). "Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Atl. Marine*, 571 U.S. at 59. "Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.' And it permits transfer to any district where venue is also proper (*i.e.,* 'where [the case] might have been brought') or to any other district to which the parties have agreed by contract or stipulation." *Id.*

The forum-selection clause therefore does not preclude application of § 1404(a) in this case. The parties have agreed to the Northern District, the events at issue took place in the Northern District, and this very dispute has been before the Northern District for two years already. The interests of justice and the convenience of parties and witnesses therefore warrant transfer to the Northern District.

Accordingly, Defendant's motion to transfer (ECF No. 12) is **granted** and this case is **transferred** to the United States District Court for the Northern District of Indiana, South Bend Division. All other currently pending motions are **denied** without prejudice to refiling in the transferee court.

**SO ORDERED.**

Date: 7/11/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dana E. Becker
MORGAN, LEWIS & BOCKIUS LLP
dana.becker@morganlewis.com

Troy S. Brown
MORGAN LEWIS & BOCKIUS LLP
tsbrown@morganlewis.com

Annavieve C. Conklin
DELANEY & DELANEY LLC
ACONKLIN@DELANEYLAW.NET

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Stephen M. Judge
SOUTHBANK LEGAL: LADUE CURRAN KUEHN
sjudge@southbank.legal

John David LaDue
SOUTHBANK LEGAL: LADUE CURRAN KUEHN
jladue@lck-law.com